GRAham, Judge,
delivered the opinion of the court:
The plaintiffs in this case are the executrix of Fields and the executors of Van Andrew Webster, named in the petition. In the early part of 1917 the said Webster and Fields began constructing warehouses in the vicinity of San Antonio, Tex,, at the suggestion of the Government’s representatives, with a view to leasing them to the Government. After the erection of the buildings, on or about June 17, 1918, the defendant entered into contracts with Van Andrew Webster, as a representative of himself and Fields, for the lease of each of the houses at a certain sum per year, covering the period from July 1, 1918, to June 30, 1919, on the basis of 2 cents per square foot of building space, the rental to be paid monthly at the end of each calendar month, with an option to the defendant of renewal of the lease from year to year until June 30, 1925, no renewal to.be for more than one fiscal year. Each of the leases provided as follows:
“That the lessee reserves the right to quit, relinquish, or give up said premises at any time within the period for which this lease is made, or may be renewed, by giving to the said lessor or agent one hundred and eighty days' notice in writing.”
These leases were renewed for each succeeding year, including the year beginning July 1,1921, and ending June 30, 1922. This suit is brought to recover the rental claimed to *511 be due on the renewal contract for the year last mentioned, which contract was written and renewed the original lease with all of its covenants and conditions for the time named, viz, July 1, 1921, to June 30, 1922. Some time prior to the 1st of October the Government removed all of its property from the premises and abandoned the buildings.
On April 20, 1921, the defendant gave notice of the exercise of its option to renew the lease for the year beginning July 1, 1921, and on the 30th of the same month gave notice that it would “ exercise its rights reserved in said lease and will quit, relinquish, and give up said premises on October 21, 1921.” Receipt of the last notice was acknowledged on May 3, 1921, by Van Andrew Webster, representing the plaintiffs, and, of course, was only effective as of the date of service. Thereafter, on May 20, the Government again notified plaintiffs that it would exercise its privilege of renewing said lease for the ensuing year from July 1, 1921, to June 30, 1922, and on that date, in accordance with the last notice, a formal agreement of renewal was entered into.
The defendant’s attorney has urged here that the notice of the termination of the leases was intended to apply to the subsequent renewal of the leases and should be read into the same. It would be a sufficent answer to say that whatever the intent was, the renewals negatived such purpose. Under the renewal contracts the Government was required to give 180 days’ notice. The earliest date, therefore, from July 1, 1921, assuming notice was given on that date for terminating the leases, would be December 31, 1921. Even if these notices were given the effect requested by the defendant, they were several months short of the time required under the leases as renewed, and were notices of the termination of leases which were not in existence at the time as they had not been renewed and were not renewed until some time after the notices. The lease and the renewal speak for themselves. Had the Government desired any such modification as is contended for here, it had an opportunity to provide for it at the time of the renewals. The notice of renewal and the renewal agreement itself were prepared by the Government’s representative. There is no *512 proof of any mutual misunderstanding or mistake. There is no proof that the plaintiffs understood that the Government reserved the right to terminate these leases as renewed without the required notice of 180 days, or that the said notice of April 30 was understood by the plaintiffs to apply to the renewal. The Government paid the rent up to and including the 31st of October, 1921. There is no ambiguity .about the contract between the parties and it has not been urged that there is. The previous negotiations between the parties, under a well-understood principle of law, were merged in the written contract of renewal, which incorporated the terms and conditions of the original lease. Under the original lease the lessee was required to give certain notice in order to be relieved! of its obligation under the lease of payment of rent for a year. This notice was 180 days, and it is admitted that such notice was not given after the execution of the contracts of renewal.
The court can not be controlled by outside considerations and happenings prior to the execution of the written con-contracts which expressed the final purpose and agreement of the parties. Before the execution of the contracts was the time for the defendant to incorporate in them such provisions as it desired to avail itself of in regard to terminating the contracts. As stated, the representative of the defendant prepared the contracts. For this reason any appeal to the conscience of the court to reform them comes with diminished grace.
Judgment should be entered for the plaintiffs in the sum found by the facts to be due them, being the amount claimed in the petition, and it is so ordered.
Hay, Judge; Dowkey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.